UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 2:25-cv-09727-JWH-ACCV | Date: | April 21, 2026 |
|---|---|---|---|
| Title: | *Michael James Horton v. Gena Jones, et al.* | | |

| Present: The Honorable | Angela C. C. Viramontes, United States Magistrate Judge |
|---|---|

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

| Proceedings (IN CHAMBERS): | ORDER TO SHOW CAUSE WHY DEFENDANT GENETTE SHOULD NOT BE DISMISSED |
|---|---|

## 1. Background

On October 6, 2025, plaintiff Michael James Horton ("Plaintiff") filed a complaint ("Complaint" or "Compl.") alleging violations of civil rights under 42 U.S.C. § 1983 ("§ 1983"). (Electronic Case Filing Number ("ECF No.") 1, Compl.)  Plaintiff named various correctional officers, employees, and medical staff who work for California Department of Corrections and Rehabilitation ("CDCR") at California State Prison, Los Angeles County ("CSP-LAC"), and North Kern State Prison as defendants ("Defendants").  (ECF No. 1.).  On October 31, 2025, the Magistrate Judge ordered service under the Central District E-Service Pilot program for civil rights cases from prisoners in CDCR custody.  (ECF No. 6.)  The same day, the Court issued the summons ("Summons") to all defendants. (ECF No. 8.)

On December 22, 2025, defendants Gena Jones, Lenna Lundy, Kevin Hixon, C. Gonzalez, S. Jordan, C. Jordan, J. Lua, C. Salas, H. Debrand, Jaramillo, and Alvarez filed a waiver of service ("Waiver of Service").  (ECF No. 15.)  Defendant C. Miano was served on December 18, 2025.  (ECF No. 16.)  CDCR informed the Court that Correctional Officer Genette ("CO Genette") could not be identified and, consequently, has not been served with the Complaint or appeared in this matter.  (ECF No. 10.)

## 2.  Service Requirements

"[S]ervice of process is the means by which a court asserts its jurisdiction over the person[.]"  *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (citation omitted).  "'Service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant[.]'"  *Id.* (quoting Federal Rule Civil Procedure ("Fed. R. Civ. P." or "Rule") 4(k)).  "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time[,]" however, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).

Here, because CDCR was unable to identify CO Genette, CO Genette has not been served with the Summons and Complaint, nor has CO Genette filed a waiver of service.  Therefore, the Court currently lacks personal jurisdiction over this defendant, and CO Genette is subject to dismissal under Rule 4.

However, "in circumstances where the defendants' identity are not known prior to filing the action," the Court may afford a plaintiff the "opportunity to identify the defendant through limited discovery, 'unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds.'"  *Mohammad v. California Department of Corrections*, Case No. 14-cv-03837-BLF, 2015 WL 720721, at *1 (N.D. Cal. Feb. 18, 2015) (quoting *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999)).  Such limited discovery may be accomplished pursuant to Rule 45 through a third-party subpoena directed to CDCR seeking the correct identity of CO Genette.  *See id.* (citing Fed. R. Civ. P. 45).

If Plaintiff wishes to obtain documents or information from a third party, Plaintiff must obtain a Rule 45 subpoena *duces tecum*, which is a document that requires another person to turn over information to Plaintiff, such as a defendant's

full name or title.  A Rule 45 subpoena *duces tecum* should clearly identify the documents that would have the information that Plaintiff is seeking and explain why the company, person, or entity not named in this lawsuit would have these documents and/or this information.  *See Davis v. Ramen*, No. 1:06-CV-01216-AWI-SKO-PC, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010).

Plaintiff should note that his subpoenas **should not** be filed with the Court. Instead, Plaintiff should serve his subpoenas on the parties who he believes have the documents containing the information he seeks.  Plaintiff may use the Central District's form for a Rule 45 subpoena *duces tecum* (Form AO-88B) to obtain the needed information.  Further, because Plaintiff is proceeding *in forma pauperis*, he can request that the Court order service of the subpoena by the U.S. Marshalls Service on the parties from whom Plaintiff seeks information.  Plaintiff must expressly request this service from the Court and indicate, specifically, which parties he seeks to serve.

The Court directs the Clerk of Court to provide Plaintiff with Form AO-88B. Plaintiff may serve any subpoenas *duces tecum* (Form AO-88B) on the parties who he believes have the documents containing the information he requires to pursue his case.

## 3.  Action Plaintiff Must Take

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, by **May 6, 2026,** why CO Genette should not be dismissed from this matter due to the Court's lack of personal jurisdiction over CO Genette as an unserved defendant. Plaintiff may comply with this Order to Show Cause ("OSC") by issuing a third-party subpoena to North Kern State Prison or CDCR under Rule 45 seeking the correct identity of CO Genette by May 1, 2026 **and** filing a response to this OSC indicating the steps Plaintiff has taken to obtain the name of CO Genette so the defendant may be served and subject to the Court's jurisdiction.

Plaintiff is warned that failure to timely satisfy this order **will result in a recommendation to the assigned United States District Judge that Correctional Officer Genette be dismissed from this action without prejudice** in accordance with Rule 4(m) due to the Court's lack of personal jurisdiction and for failure to prosecute and follow Court orders.  Any extension of time to comply with the OSC will only be granted for good cause shown.

Alternatively, Plaintiff may request to voluntarily dismiss the claims against CO Genette, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).

**IT IS SO ORDERED.**